<u>Not for Publication</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

      *Plaintiff*,

  v.

MARQUISE O'NEAL,

      *Defendant*.

Crim. No. 20-470

<u>OPINION & ORDER</u>

<u>John Michael Vazquez, U.S.D.J.</u>

This matter was opened to the Court by Defendant's motion to modify his sentence and for compassionate release. D.E. 347. Defendant then filed a supplement, D.E. 348; the Government filed opposition, D.E. 352; and Defendant filed a reply, D.E. 355. Based on the medical information provided by Defendant, the Court ordered the Government to submit additional information from the Bureau of Prisons ("BOP") as to Defendant's health. D.E. 358. The Government provided the ordered information, and Defendant filed an additional letter brief, D.E. 359. Defendant then provided another supplement. D.E. 363. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is **GRANTED**.

## I.    BACKGROUND

### A.  Underlying Criminal Proceeding

Defendant was charged as part of a long running, open-air narcotics market in Newark, New Jersey. Though Defendant had an extensive criminal history and was facing a very long sentence, the parties entered into a plea agreement pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C).  D.E. 317.  The agreement provided that if Defendant pled guilty to conspiracy as to heroin and cocaine base, in violation of 21 U.S.C. § 846, the parties stipulated that a sentence of five years' imprisonment was appropriate.  *Id.*  The Court accepted the plea and sentenced in accordance with the plea agreement.  D.E. 341, 342.  The Court accepted the plea due to, among other things, Defendant's age, the fact that he did not engage in any violence, and the fact that he committed the offense primarily to support his own drug habit.  The Court also found it extremely important that Defendant had voluntarily left the conspiracy before learning of the investigation, had entered a drug treatment program, and had been able to successfully comply with the treatment program.

### B.  O'Neal's Motion

O'Neal seeks release due to, among other things, certain medical conditions.  Two of the conditions raised concerns with the Court.  First, Defendant suffers from high blood pressure (or hypertension) that he indicates was well controlled through the prescription medication Clonidine before he entered custody with BOP.  However, BOP then weaned Defendant off Clonidine and prescribed a different medical regimen.  Under the new medical regimen, it did not appear that Defendant's high blood pressure was controlled.  His medical records reveal numerous readings that reflect he is in Stage 1 and Stage 2 hypertension.  Mayo Clinic, *High blood pressure (hypertension), Diagnosis & treatment*, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment (July 1, 2022).  Moreover, it appears that BOP medical staff indicated that they would make a request for a non-formulary exception so that Defendant could be restarted on Clonidine if Defendant's blood pressure was still elevated.  D.E. 355-5 at 42.  As of July 2022, the medical records did not reflect that the request was made.

Second, in September 2021, the primary blood test to screen for prostate cancer revealed PSA levels indicating that Defendant has an approximately 56% chance of prostate cancer. Prostate cancer screening: Should you get a PSA test? - Mayo Clinic, https://www.mayoclinic.org/tests-procedures/psa-test/in-depth/prostate-cancer/art-20048087 (July 1, 2022). In addition, Defendant's race, age, and family history put him at a higher risk for prostate cancer. *Id.* BOP medical staff made a request for an initial urology consultation, but the request was denied. D.E. 355-5 at 19-20.

As a result, on July 1, 2022, the Court ordered the following:

> [N]o later than August 15, 2022, the Government shall submit under seal (with copy to defense counsel) a declaration, affidavit, or certification from an appropriate medical professional at Defendant's BOP facility. The statement shall address the issues as to Defendant's high blood pressure and PSA levels, including diagnosis, prognosis, and treatment. The statement shall also address whether Defendant will be provided Clonidine (or an equally effective medication) and whether Defendant will be examined by a urologist[.]

D.E. 358.

The Government provided the information, and on approximately August 16, 2022, Defendant was seen by a urologist. A prostate biopsy with cystoscopy was ordered.

On December 8, 2022, O'Neal was taken to a urology specialist for the biopsy. D.E. 363, Ex. A. A December 12, 2022 pathology report revealed that three samples tested positive for adenocarcinoma; two samples had a Gleason Score of 7 (3+4 each). *Id.* Defense counsel submitted a letter from Defendant's primary care physician indicating that in light of the diagnosis, "the patient requires aggressive treatment and possible surgical intervention." D.E. 363, Ex. B.

## II.    LEGAL STANDARD

Following the passage of the First Step Act, Section 3582(c)(1)(A) now reads as follows:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction*; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and *a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)*;

*and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphases added).

The applicable policy statement of the United States Sentencing Commission is found in

Section 1B1.13. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018)

4

("U.S. Sentencing Guidelines Manual").    The application notes to the section provide four circumstances that can be considered extraordinary and compelling: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, and (4) other circumstances constituting an extraordinary or compelling reason, either considered alone or in combination with any of the other three stated reasons.  *Id.* cmt. n. 1(A)-(D).  In *United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021), the Third Circuit found that the policy statement was not binding on courts but nevertheless found that the statement could provide useful guidance.

Pursuant to Section 3582(c)(1)(A), the Court must also consider the relevant factors listed in 18 U.S.C. § 3553(a).  They include the nature and circumstances of Defendant's offense, the history and characteristics of Defendant, the need for the sentence to provide just punishment, and the need to protect the public from future offenses by Defendant.  18 U.S.C. § 3553(a).

### III.    ANALYSIS

The Court concludes that Defendant has met his burden in demonstrating extraordinary and compelling reasons to justify his release.  At the outset, the parties do not dispute that O'Neal has exhausted the required administrative remedies.

Defendant has prostate cancer and needs immediate treatment.  According to the American Cancer Society, the two areas with a Gleason Score of 7 reveal an "intermediate-grade" cancer. American Cancer Society, *Tests to Diagnose and Stage Prostate Cancer*, https://www.cancer.org/cancer/prostate-cancer/detection-diagnosis-staging/how-diagnosed.html (Jan. 4, 2023).  The Court's concern with Defendant remaining incarcerated stems from the delays in his diagnosis while in BOP custody.  BOP learned of Defendant's elevated PSA score in September 2021.  Thereafter, BOP's medical staff requested a urology consult, but it was denied. The Court then issued its order for more information on July 1, 2022—but Defendant was not seen

by a urologist for another six weeks in mid-August 2022. And while the urologist recommended a biopsy, the procedure was supposed to occur within three weeks. The biopsy, however, was not conducted until December 2022. Moreover, while the biopsy results were reported on December 12, 2022, Defendant was not informed of them until December 23, 2022. As a result, the Court is not confident that BOP will provide Defendant necessary treatment in a timely manner.

Finally, the Section 3553(a) factors do not weigh against release. Defendant has an anticipate release date of November 5, 2024—meaning that he still has significant time on his sentence. However, Defendant also voluntarily removed himself from the drug conspiracy well before he was aware of any law enforcement investigation. Also, importantly, Defendant voluntarily sought substance abuse treatment and has abided by the terms of his treatment. From the Court's view, his addiction was the primary impetus in his criminal activity, both in this matter and in his past convictions. Thus, it appears that Defendant has taken concrete steps to prevent not only a drug relapse but a relapse into criminal conduct.

For the foregoing reasons, O'Neal has shown that he is entitled to compassionate release.

## IV.    CONCLUSION

As a result, and for good cause shown,

IT is on this 4th day of January 2023 hereby

**ORDERED** that Defendant Marquise O'Neal's motion for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), D.E. 38, is **GRANTED**; and it is further

**ORDERED** that BOP shall release Defendant from incarceration immediately; and it is further

**ORDERED** that all other aspects of Defendant's Judgment of Conviction (including but not limited to the term of supervised release) remain in effect; and it further

**ORDERED** that this Opinion and Order shall remain under seal for a period of fourteen (14) days.  Defense counsel, before the end of the fourteen days, shall provide the Court with a proposed redacted version of the Order and Opinion; the redactions shall address Defendant's medical information.  If defense counsel does not do so, then this Opinion and Order shall be unsealed in fifteen (15) days.

John Michael Vazquez, U.S.D.J.